UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHSTI KASHEF,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK N.A.,, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-06576-JST<br><br>**ORDER DENYING PRELIMINARY INJUNCTION AND DISSOLVING TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 4 |

Now before the Court is Plaintiff Mahsti Kashef's motion for entry of a preliminary injunction to delay or prevent the foreclosure sale of her home at 90 Lomitas Road, Danville, CA 94526. ECF No. 4 at 1. The Court previously granted a temporary restraining order staying foreclosure, ordered Kashef to give notice to defendants, and ordered defendants to show cause why the Court should not preliminarily enjoin them from proceeding with foreclosure pending resolution of the case on the merits. ECF No. 11.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Accordingly, the Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable

injury and that the injunction is in the public interest." Id. at 1135.

Having now reviewed Defendants' response to the Court's order to show cause, the Court concludes that Kashef cannot demonstrate a likelihood of prevailing on the merits, or even serious questions going to the merits. The principal allegations of her complaint are that (1) that Defendant US Bank, N.A., was not the true owner of the loan and therefore had no authority to foreclose; and (2) the nominal Trustee under the Deed of Trust, Barrett Daffin Frappier Treder & Weiss, LLP, was not in fact the Trustee of the Deed of Trust and was never authorized by the Beneficiary to act under the power of sale in the Deed of Trust. Each of Plaintiff's claims depends on the truth of these two assertions.

The record does not support either assertion. Plaintiff's original lender, World Savings Bank, merged into Wachovia Mortgage in 2007, and Wachovia then changed its name to Wells Fargo Bank Southwest, N.A. in 2009. Later that year, Wells Fargo Bank Southwest was merged into Wells Fargo Bank, N.A. ECF No. 14-2 at 52-58. On August 28, 2017, Wells Fargo Bank, N.A., assigned its interest in the Deed of Trust to Wells Fargo Bank South Central, N.A., and that entity immediately assigned its interest in the loan to US Bank, N.A., which currently holds the loan. ECF No. 14-2 at 44-45. With regard to the identity of the authorized Trustee, on January 30, 2017, Wells Fargo Bank, N.A., which was then the Beneficiary under the Deed of Trust, executed a valid Substitution of Trustee naming Barrett Daffin Frappier Treder & Weiss, LLP as Trustee. ECF No. 14-2 at 25. Accordingly, Daffin Frappier was authorized to proceed with foreclosure.

Plaintiff makes two additional claims. First, she claims that shortly after she obtained her loan from World Bank, that bank sold the loan to "World Savings Bank REMIC Series 20 Trust." ECF No. 1 ¶¶ 22-25; see also id. at ¶¶ 29, 31, 32, 35, 38, 39, 46, 54. The chain of title, which is now before the Court, does not support this claim. The only evidence for this claim comes from statements made by Joseph Esquivel, a private investigator who works for an entity called Mortgage Compliance Investigations LLC. ECF No. 1 at 73. There is no foundation for Esquivel's statements in the chain of title, and the Court does not credit them.

Second, Kashef alleges that the loan servicer, Rushmore Loan Management Services LLC,

sent a letter to her dated September 5, 2017, incorrectly identifying the current creditor as "Truman Capital Advisors" instead of the true Beneficiary under the Deed of Trust. ECF No. 1 at 62. The parties do not dispute this fact, but it did not affect Kashef's rights. Even though the statement was incorrect, it was not material and Kashef did not rely on it. In short, there was no actionable misrepresentation.

Plaintiff Kashef has not presented a claim on the merits that would support the issuance of equitable relief. Her motion for preliminary injunction is DENIED and the temporary restraining order is DISSOLVED.

**IT IS SO ORDERED.**

Dated: December 14, 2017

_____
JON S. TIGAR
United States District Judge