UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHSTI KASHEF,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 17-cv-06576-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS, GRANTING TRUMAN CAPITAL'S MOTION FOR BOND, AND DENYING KASHEF'S MOTION FOR BOND**<br><br>Re: ECF Nos. 31, 33, 35, 38 |

Before the Court are (1) a motion to dismiss filed by Defendants U.S. Bank, N.A. and Truman Capital Advisors, LP (collectively, "Truman Capital"), ECF No. 31, (2) a motion to dismiss filed by Defendant Wells Fargo Bank, N.A., ECF No. 38, (3) a motion for disbursement of bond funds filed by Truman Capital, ECF No. 33, and (4) a motion for release of bond filed by Plaintiff Mahsti Kashef, ECF No. 35.

## I. REQUEST FOR JUDICIAL NOTICE

Truman Capital requests that the Court take judicial notice of documents "which are on file in the public records in this case, as well as on file in the United States Bankruptcy Court." ECF No. 31-1. With the exception of one document, these documents are all available publicly, from the Contra Costa County Record's Office, on PACER, from the U.S. Department of the Treasury, or from the Federal Deposit Insurance Corporation. The Court takes judicial notice of these public records. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record.") (internal quotations and citation omitted).

The Court denies the request for judicial notice as to the March 2010 modification agreement. There is no indication the document is public, and it is not referenced in the

complaint. ECF No. 31-1 at 68.

Wells Fargo also requests that the Court take judicial notice of similar documents in the public record from the Department of the Treasury or from Contra Costa County. ECF No. 39.[1] The Court grants Wells Fargo's request as to these documents. The Court also grants Wells Fargo's request to judicially notice the mortgage loan document itself, which is referenced in the complaint. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (providing for judicial notice for documents referenced in the complaint). Finally, Wells Fargo requests that the Court take judicial notice of the March 2010 loan modification, but for the reasons stated above, the Court denies that request. ECF No. 39 at 54.

## II. BACKGROUND

In 2005, Kashef took out a $735,000 mortgage on her home at 90 Lomitas Road, Danville, CA 94526. ECF No. 1 ("Compl.") ¶¶ 7, 15. On February 3, 2017, Barrett Daffin Frappier Treder & Weiss, LLP, acting as Substitute Trustee, recorded a Notice of Default on Kashef's loan. Id. ¶ 16. On May 18, 2017, Barrett Daffin recorded a notice of sale on the property. Id. ¶ 17. The current creditor as reflected in the title records is Truman Capital. Id. ¶ 24.

Kashef challenges Barrett Daffin's right to foreclose. She includes with her complaint a chain of title analysis prepared by an entity called Mortgage Compliance, LLC. Id. The analysis concludes that Kashef's loan was improperly sold by her original lender, World Savings Bank, into a pool called the World Savings Bank REMIC Series 20, which never actually acquired the loan; the corporate assignment was invalid; there are no documents showing Truman Capital is in fact the current creditor; and there is no known beneficiary. Id. Her complaint makes claims for (1) wrongful foreclosure under California law, (2) violations of the Fair Debt Collection Practices Act, (3) violations of the Truth in Lending Act, (4) slander of title, (5) intentional infliction of emotional distress, and (6) declaratory relief. Id. ¶¶ 19-67.

Three days after filing her complaint, Kashef moved for a temporary restraining order. ECF Nos. 1, 4. The Court granted the temporary restraining order preventing the foreclosure of

---

[1] Kashef opposed neither motion for judicial notice. ECF No. 49.

1  Kashef's home, ordered the Defendants to show cause why they should not be restrained from
2  selling Kashef's home, and ordered Kashef to file a $3,000 bond. ECF No. 11.

At the show cause hearing, the Court issued an order denying the preliminary injunction and dissolving the temporary restraining order, finding that Kashef had not demonstrated a likelihood of prevailing on the merits or even the existence of serious questions going to the merits. ECF Nos. 27, 28. Truman Capital then filed a motion to dismiss Kashef's complaint for failure to state a claim, ECF No. 31, and a motion for disbursement of the bond funds, ECF No. 33. Kashef filed a motion for release of the bond. ECF No. 35. Truman Capital opposed the release of the bond to Kashef, and Kashef opposed the release of the bond to Truman Capital. ECF Nos. 36, 40. Wells Fargo filed a motion to dismiss. ECF No. 38. Kashef opposed both Defendants' motions to dismiss. ECF No. 49.

The Court now considers these motions.

## III. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of the motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," here Kashef. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). "While a complaint . . . does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, a pleading must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Pro se pleadings are liberally construed. Christensen v. C.I.R., 786 F.2d 1382, 1384–85 (9th Cir. 1986); Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

## IV. ANALYSIS

### A. Wrongful Foreclosure Claim

Kashef alleges a claim for wrongful foreclosure because the foreclosure trustee is not the proper trustee under the deed of trust, and the notice of default and deed of trust do not identify the proper beneficiary. Compl. ¶¶ 19, 25, 29. Under California law, the elements for a claim of wrongful foreclosure are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011).

Truman Capital argues that Kashef's wrongful foreclosure claim relating to the substitution of trustee fails because it contradicts judicially noticed facts. ECF No. 31 at 11. On January 30, 2017, Wells Fargo Bank, which was then the beneficiary under the deed of trust, executed a valid substitution of trustee naming Barrett Daffin Frappier Treder & Weiss, LLP as Trustee. ECF No. 14-2 at 25. Under California law, the "trustee, mortgagee, or beneficiary, *or any of their authorized agents*" may record a notice of default. Cal. Civ. Code § 2924(a)(1) (emphasis added). Moreover, a "trustee named in a recorded substitution of trustee shall be . . . authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents. . . ." Cal. Civ. Code § 2934a(d). Accordingly, Daffin Frappier was authorized to proceed with foreclosure and Kashef's wrongful foreclosure claim on the basis of wrongful trustee fails.

Kashef's claim for a wrongful assignment of the deed of trust on the basis of an improper beneficiary also fails. Kashef's original lender, World Savings Bank, merged into Wachovia Mortgage in 2007, and Wachovia then changed its name to Wells Fargo Bank Southwest, N.A. in 2009. Later that year, Wells Fargo Bank Southwest merged into Wells Fargo Bank, N.A. ECF No. 14-2 at 52-58. On August 28, 2017, Wells Fargo Bank, N.A., assigned its interest in the deed of trust to Wells Fargo Bank South Central, N.A., and that entity immediately assigned its interest

4

in the loan to US Bank, N.A., which currently holds the loan. Id. at 44-45. The Court identifies no impropriety in the assignments of Kashef's mortgage. Gieseke v. Bank of Am., N.A., No. 13-CV-04772-JST, 2014 WL 718463, at *4 (N.D. Cal. Feb. 23, 2014) (citations omitted) ("[A] defendant bank does not invalidate its ability to enforce the terms of a deed of trust if the loan is assigned to a trust pool or Real Estate Mortgage Investment Conduit ('REMIC')."). Moreover, Kashef's deed of trust provides that her lender is World Savings Bank, FSB *and* "its successors and/or assignees." ECF No. 39 at 18; Hammons v. Wells Fargo Bank, N.A., No. 15-CV-04897-RS, 2015 WL 9258092, at *5 (N.D. Cal. Dec. 18, 2015) (dismissing wrongful foreclosure claim where deed provided that lender included its successors and assignees). The Court dismisses Kashef's wrongful foreclosure claim in its entirety.[2]

### B. Fair Debt Collections Practices Act Claim

Kashef also brings a claim for violations of the Fair Debt Collections Practices Act on the basis of Defendants' alleged misrepresentations about the identity of her beneficiary or creditor and the amount and status of her debt. Compl. ¶¶ 37, 41. Kashef alleges that the loan servicer, Rushmore Loan Management Services LLC, sent her a letter dated September 5, 2017, incorrectly identifying the current creditor as "Truman Capital Advisors" instead of the true beneficiary under the deed of trust. Id. at 62. Truman Capital concedes that Rushmore erroneously represented that Truman Capital was the lender/creditor, rather than U.S. Bank, but asserts that this error was not material. Id. The Court previously concluded "this fact . . . did not affect Kashef's rights. Even though the statement was incorrect, it was not material and Kashef did not rely on it. In short, there was no actionable misrepresentation." ECF No. 28 at 3. The Court affirms that conclusion here and grants Truman Capital's motion to dismiss this claim.

Wells Fargo also argues the claim should be dismissed because Defendants were not acting as debt collectors within the meaning of the Act. Under 15 U.S.C. § 1692a(6), "[t]he term 'debt collector' means any person who . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Here, Wells Fargo is

---

[2] Because the Court dismisses the wrongful foreclosure claim in its entirety, it need not address Wells Fargo's additional arguments for dismissal. ECF No. 38 at 12.

5

accused of conduct relating to its own debt, not the debt of another. ECF No. 38 at 13. Moreover, "numerous courts within the Ninth Circuit have found that assignees and servicers on mortgage loans are not 'debt collectors' for purposes of the FDCPA." Owens v. Bank of Am., N.A., No. 11–cv–4580–YGR, 2012 WL 5340577, at *6 (N.D. Cal. Oct. 25, 2012). The Court agrees that Defendants, mortgage servicers seeking to recover their own debt, are not debt collectors covered by the Fair Debt Collections Practices Act and dismisses the claim.

### C. Truth in Lending Act Claim

Kashef brings a claim for Truth in Lending Act ("TILA") violations on the basis of U.S. Bank and Truman Capital's failure to disclose the sale or transfer of her loan. Compl. ¶¶ 45, 47 (citing 15 U.S.C. § 1641(g)). Section 1641(g) of the TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . ." 15 U.S.C. § 1641(g). The complaint does not appear to allege a Truth in Lending Claim against Wells Fargo. Compl. ¶¶ 45-47.

Truman Capital argues that the judicially noticed record contradicts Kashef's assertion that there was any transfer to Truman Capital, except for the erroneous Rushmore letter. ECF No. 31 at 4. As for the transfer to U.S. Bank, Truman Capital argues that Kashef inadequately alleges actual damages from the TILA violation. Id. at 15. TILA provides for statutory damages in addition to actual damages. 15 U.S.C. § 1640(a)(2)(A) ($400-4000 for action related to credit secured by property); Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 54 (2004) ("In 1974, Congress amended TILA's civil-liability provision, 15 U.S.C. § 1640(a), to allow for the recovery of actual damages in addition to statutory damages . . . ." ). However, a "creditor is only liable for actual damages sustained as a result of its alleged violation of section 1641(g)." Dubinsky v. Chevy Chase Bank, No. C12-02765 CRB, 2012 WL 5194090 at *3 (N.D. Cal., Oct. 19, 2012) (quoting Deerink v. Bank of New York Mellon, N.A., No. 11–1735, 2012 WL 3234027, at *5 (E.D. Cal., Aug. 6, 2012)); see also Simmons v. Aurora Bank FSB, No. 5:13-CV-00482-HRL, 2016 WL 192571, at *9 (N.D. Cal. Jan. 15, 2016); Che v. Aurora Loan Services, LLC, 847 F. Supp. 2d 1205, 1209 (C.D. Cal. 2012) ("Where a creditor fails to comply with the requirements of

6

§ 1641(g), liability only exists for any actual damage sustained by such person as a result of the failure.") (quoting 15 U.S.C. § 1640(a)(1)). Here, Kashef alleges only that she has "been damaged in an amount n[o]t yet ascertained," but does not explain in any way how she was damaged by the lack of notice. Compl. ¶¶ 45-48. The Court concludes that Kashef has not stated a claim for any actual damages. The TILA claim is therefore dismissed.

### D. Slander of Title Claim

Kashef brings a claim for slander of title. To state a claim for slander of title, a plaintiff must establish "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." Manhattan Loft, LLC v. Mercury Liquors, Inc., 173 Cal. App. 4th 1040, 1051 (2009). Kashef alleges that the assignment of her trust to U.S. Bank in August 2017 was "a communication to a third party of false statement derogatory to Plaintiff's title made with malice causing special damages to the Plaintiff[']s claim of title." Compl. ¶ 50.

This claim fails for several reasons. First, Kashef does not allege a false publication. In her complaint, she states that

> The statement that Wells Fargo Bank, N.A., S/B/M to Wachovia Mortgage, FSB, F/K/A World Savings Bank, FSB grants, assigns, and transfers to Wells Fargo Bank South Central, N.A., all beneficial interest under a Deed of Trust dated September 20, 2005 and filed in the Official Records of the Contra Costa County Recorder's Office on September 27, 2005 as ins# 2005-0367066 is false because the assignee was not the beneficiary of the Deed of Trust at the time of the assignment by virtue of the fact that the loan which the Deed of Trust secured had been sold.

As previously stated, however, the recorded chain of title shows that it is Kashef's assertions, not the statements by Wells Fargo, that are incorrect.

The next reason the claim must be dismissed is that the statements underlying Kashef's claims were privileged. "Absent factual allegations of malice, a trustee's performance of the statutory procedures in a nonjudicial foreclosure is subject to the qualified, common-interest privilege of California Civil Code § 47(c)(1)." Permito v. Wells Fargo Bank, N.A., No. C-12-00545 YGR, 2012 WL 1380322, at *8 (N.D. Cal. Apr. 20, 2012) (citing Kachlon v. Markowitz,

7

168 Cal. App. 4th 316 (Cal. Ct. App. 2008)); see also Ward v. Pickett, No. C-13-01735 DMR, 2013 WL 5496549, at *13 (N.D. Cal. Oct. 3, 2013); Christiansen v. Wells Fargo Bank, No. C 12-02526 DMR, 2012 WL 4716977, at *6 (N.D. Cal. Oct. 1, 2012); Ogilvie v. Select Portfolio Servicing, No. 12-CV-001654-DMR, 2012 WL 3010986, at *4 (N.D. Cal. July 23, 2012). Kashef's allegation that the "false statement was made with malice to improperly attempt an assignment," because the assignee "knew it was not the beneficiary . . . such as is with intent," does not adequately plead malice. Compl. ¶ 50; Ogilvie, 2012 WL 3010986, at *4 (N.D. Cal. July 23, 2012) ("[T]he mere formulation of false documents is inadequate to plead malice."). Accordingly, her slander of title claim is dismissed.[3]

### E. Intentional Infliction of Emotional Distress Claim

Kashef brings a claim for intentional infliction of emotional distress based on Wells Fargo's allegedly false representation that it was the beneficiary under the deed of trust. Compl. ¶¶ 52-59. "To present a claim for intentional infliction of emotional distress, a plaintiff must plead: (1) defendant's extreme and outrageous conduct; (2) that defendant intended to cause, or recklessly disregarded the probability of causing, emotional distress; (3) that plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct." Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 883–84 (N.D. Cal. 2010). Wells Fargo argues that the claim should be dismissed for failure to allege facts showing bad faith. ECF No. 38 at 14.[4] The Court agrees that Kashef's allegations as to extreme and outrageous conduct are conclusory and do not show the intentional or reckless imposition of extreme emotional distress. See, e.g., Compl. ¶ 54 ("Defendants' conduct -- fraudulently claiming to be the beneficiary under the Deed of Trust . . . -- is so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community."). Accordingly, the claim is dismissed.

---

[3] Because the Court dismisses the claim in its entirety, it need not consider Wells Fargo's additional arguments for dismissal. ECF No. 38 at 12.

[4] The claim appears to raise claims against only Wells Fargo, but Truman Capital makes the same argument. ECF No. 31 at 17.

### F. Declaratory Relief Claim

Kashef seeks declaratory relief in the form of a declaration that her rights were violated and that the faulty records should be removed. Compl. ¶¶ 60-37. Truman Capital and Wells Fargo both argue the claim should be dismissed because each of Kashef's substantive claims fail, and the declaratory relief claim is ultimately a claim for relief. ECF No. 31 at 17; ECF No. 38 at 16. The Court agrees and dismisses the claim. See Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1038 (N.D. Cal. 2010) ("Plaintiff has failed to state any claims, so there is no actual and present controversy.").

### G. Equitable Relief

Kashef seeks equitable relief in her prayer for relief. Compl. at 20 (seeking "an Order, Decree, or Judgment thereby "Canceling" and "Expunging" the recordation of the two Assignments of the Deed of Trust. . ."). Wells Fargo argues that any such relief should be denied because Kashef has not tendered her indebtedness. ECF No. 38 at 14. Because the Court dismisses each of Kashef's underlying substantive claims, it need not consider her entitlement to equitable relief.

### H. Truman Capital's Entitlement to the Bond

Truman Capital moves for disbursement of the bond funds. ECF No. 33. Kashef opposes the motion, arguing that the funds were borrowed from her friend, who has demanded payment in full. ECF No. 40. Under Rule 65(c) of the Federal Rules of Civil Procedure, wrongfully enjoined parties are entitled to costs and damages sustained from that wrongful injunction. Fed. R. Civ. P. 65(c). "[T]here is a rebuttable presumption that a wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond." Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc., 16 F.3d 1032, 1036 (9th Cir. 1994). The wrongfully enjoined party must establish an injury stemming from the injunction. Id. at 1037.

Truman Capital was deprived of its ability to collect at least its $5,223.18 monthly payment from Kashef, which exceeds the amount of the $3,000 bond. ECF No. 33 at 5, ECF No. 14-1 ¶ 6. Accordingly, Truman Capital is entitled to the bond proceeds. See Chanel, Inc. v. Hsiao Yin Fu, No. 16-CV-02259-EMC, 2017 WL 1079544, at *6 (N.D. Cal. Mar. 22, 2017) (providing

bond on similar reasoning); Netlist, Inc. v. Diablo Techs., Inc., No. 13-CV-5962 YGR, 2015 WL 5157478, at *2 (N.D. Cal. Sept. 1, 2015), aff'd, 667 F. App'x 774 (Fed. Cir. 2016) (same).[5]

## CONCLUSION

The motions to dismiss are GRANTED in their entirety without prejudice. Kashef may file an amended complaint within 21 days for the sole purpose of curing the defects identified in this order, and may not add new claims without leave of Court. Truman Capital's motion for disbursement of the bond funds is GRANTED and Kashef's motion is DENIED.

If Kashef does not file an amended complaint within 21 days of the issuance of this order, the Court will assume she no longer wishes to prosecute the case, and will dismiss the complaint with prejudice.

**IT IS SO ORDERED.**

Dated: May 2, 2018

JON S. TIGAR
United States District Judge

---

[5] Kashef moves for a release of the bond, arguing that the Court has since dissolved the TRO for which the bond was posted. ECF No. 35. The request is not supported by authority, and in light of the Court's conclusion that Truman Capital is entitled to the bond amount, the Court does not address her request further.

10